Filed 1/27/25  Height v. Volker CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| ALISON ELAINE HEIGHT,<br><br>    Respondent,<br><br>v.<br><br>JAMES LEE ROY VOLKER,<br><br>    Appellant. | 2d Civ. No. B333519<br>(Super. Ct. No. 1466534)<br>(Santa Barbara County) |

James Volker (Father) appeals from an order:  (1) giving Allison Height (Mother) sole legal and physical custody of their two minor children, and (2) allowing her to move the children from Santa Barbara to Paso Robles.  He contends the family court exhibited bias in favor of Mother when weighing and admitting the evidence at trial.  We have examined the record and conclude the court did not abuse its discretion.  We will affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Father and Mother divorced in 2017. They initially shared legal and physical custody of their children D. (born in 2013) and E. (born in 2015). Mother requested an order awarding her sole legal and physical custody in 2022, citing drug use and domestic violence in Father's home. While that request was pending, she sought an order allowing her to move the children to Paso Robles.

Mother alleged that Father suffered three overdoses in 2022 alone. She described moving to Paso Robles as an opportunity for her fiancé and her to find better jobs and more affordable housing. Father opposed both requests. He denied using drugs during his custodial time and stated he was nine months sober. Father described Mother as violent toward his older daughter (i.e., Mother's former step-daughter) during their marriage and accused her of making dozens of unfounded reports of abuse to Child Welfare Services (CWS) after their divorce. He stated the move would harm the children by placing them in inferior schools and separating them from their peer groups and stepsister.

The court held a two-day trial on the combined custody and move-away requests in August of 2023. Mother and Father testified. Father's ex-girlfriend was the only third-party witness. She testified that Father used methamphetamine daily during their relationship in 2022, and occasionally fentanyl and heroin. Mother testified about Father's three overdoses and other reasons she sought to modify their custody and visitation orders. Father admitted he suffered a methamphetamine and fentanyl relapse in 2022 but stated he had not used any drugs since then. He reiterated he never used around the children and denied any domestic abuse occurred during his custody time. He expressed

concern about Mother's fiancé being physically abusive toward their son.

The court made detailed factual findings from the bench at the close of oral argument. It found Father's "persistent untruthfulness" about his drug use "disturbing in the extreme." The court expressed concern that Father lacked insight into his addiction and how it affected his family. It awarded Mother sole legal and physical custody and granted her move away request. The court ordered Mother to transport the children to the location of Father's choosing for visitation on alternating weekends. The court issued its written findings and order a week later.

DISCUSSION

Appellant raises ten issues in his opening brief. These fall into three categories. First, appellant contends the trial court weighed the evidence in a biased manner by considering only evidence favoring Mother. Second, he contends the court relied on inadmissible or otherwise inappropriate evidence. Third, he contends the move away orders will strain his relationship with his children and harm them psychologically. It is Father's "affirmative burden to show error" on appeal. (*In re Marriage of Davies* (1983) 143 Cal.App.3d 851, 854.)

*Bias*

Father repeats in briefing how the family court failed to consider evidence favoring him while it placed "undue emphasis" on evidence favoring Mother. We disagree. The court allowed father to testify on direct examination and to cross-examine Mother and her witness. It admitted all the exhibits Father offered into evidence. The court did not "fail to consider" his evidence. It just found in Mother's favor. We decline to second guess the family law's weighing of the evidence, particularly

3

those findings based on witness credibility. (*In re Marriage of Winternitz* (2015) 235 Cal.App.4th 644, 653 (*Winternitz*).)

*Admissibility and Propriety of Evidence*

Father contends the family court erred "by disclosing his medical records without proper consideration." He argues this violated his constitutional rights. We construe his argument as challenging the admissibility of the records, and as such, review the court's decision for abuse of discretion. (*Winternitz, supra,* 235 Cal.App.4th at p. 653.)

Father's three overdoses in 2022 prompted Mother to seek sole legal and physical custody. She cited his addiction and related concerns about her children's security and hygiene in her request for a move-away order as well. Father's hospital records were highly relevant, and the scope of disclosure limited to those generated during the visits at issue. The family court exercised its discretion properly when it admitted them.

*Effects of Move-Away Order*

Father contends that moving the children to Paso Robles—roughly two hours north of Santa Barbara—will make it difficult for him to be involved in their lives. He argues this will strain their relationship and harm them psychologically in the long term. Father also opposes removing the children from Santa Barbara's superior school system and their existing peer groups for what he believes are purely financial reasons.

Father raised the same points at trial when arguing the move was not in the children's best interests. The court found to the contrary. Our review of the record establishes it gave proper weight and consideration to the appropriate factors under *In re*

4

*Marriage of LaMusga* (2004) 32 Cal.4th 1072.[1]  "[W]e must permit our superior court judges—guided by statute and the principles we announced in *Burgess* and affirm in [*LaMusga*]—to exercise their discretion to fashion orders that best serve the interests of the children in the cases before them."  (*Id.* at p. 1101.)  We will not reweigh the evidence on appeal.

DISPOSITION

Judgment is affirmed.  Respondent shall recover her costs on appeal.

<u>NOT TO BE PUBLISHED.</u>

CODY, J.

We concur:

YEGAN, Acting P. J.          BALTODANO, J.

---

[1] Among the factors to consider when modifying custody "in light of the custodial parent's proposal to change the residence of the child are . . . the children's interest in stability and continuity in the custodial arrangement; the distance of the move; the age of the children; the children's relationship with both parents; the relationship between the parents including, but not limited to, their ability to communicate and cooperate effectively and their willingness to put the interests of the children above their individual interests; the wishes of the children if they are mature enough for such an inquiry to be appropriate; the reasons for the proposed move; and the extent to which the parents currently are sharing custody."  (*LaMusga, supra,* 32 Cal.4th at p. 1101.)

Hon. Colleen K. Sterne, Judge
Superior Court County of Santa Barbara

_____

James Lee Roy Volker, in pro per, for Appellant.
Alison Elaine Height, in pro per, for Respondent.